## Ebenezer Drury and Seth Wyman, Junior, *versus* Richard S. Fay.

The sureties in a guardianship bond given by two guardians as principals, having be come dissatisfied with their responsibility, took by way of security the written prom-ise of a stranger, in which he acknowledged the receipt of a certain sum of money from one of the guardians and promised to apply it towards indemnifying the sureties from the bond. The guardians kept separate accounts, and from each of them there was due to the ward a balance, which the sureties were compelled to pay. The balances were severally less, but in the aggregate, more, than the sum mentioned in the written promise. In an action by the sureties upon this promise, it was *held*, that even if no money was received by the promisor, still there was a valid consid-eration for the promise, because the sureties were thereby diverted from instituting legal proceedings to obtain a discharge from their liability on the bond.

But it was further *held*, that the promisor was estopped to contradict his acknowledg ment of having received the sum of money mentioned in his contract.

Held also, that the sureties were entitled to recover the whole of this sum, notwith-standing they had also taken security from the other guardian.

Assumpsit against the defendant as administrator on the estate of Lawson Valentine. Trial before *Morton* J.

In November, 1818, Samuel Haven and Henry Valentine were appointed guardians of a spendthrift, and executed their bond to the judge of probate, with the plaintiffs as sureties, for the faithful performance of that trust.

On February 1, 1821, the plaintiffs requested Henry Valen tine to give them security for their liability for him on the bond, and thereupon Lawson Valentine, the defendant's intes-tate, signed the writing, upon which this action was brought, and which was as follows : — "Feb. 9, 1821. Received of Henry Valentine $749·67, in consideration of which I hereby promise and engage to apply said sum towards indemnifying and saving harmless Ebenezer Drury and Seth Wyman ju-nior from a certain bond, given by said Henry as principal and said Drury and Wyman as sureties, to Nathaniel Paine, judge of probate, &c., for the faithful discharge of the duty of guardian to Montgomery Haven &c., a spendthrift." It could be proved by parol evidence, if admissible, that no money or other consideration was paid to Lawson Valentine for his prom-ise in this writing.

In May 1821, Samuel Haven, in order to save the plaintiffs harmless on account of their liability for him on the guardian-

snip bond, mortgaged to them certain real estate of sufficient value to pay the whole amount demanded in this action, and in 1826 they took from him personal security as a substitute for the mortgage. Samuel Haven was at this time insolvent.

In May, 1830, the administrator of the spendthrift recovered judgment on the bond against Henry Valentine and the plaintffs, Samuel Haven having deceased after the commencement of the action and a discontinuance against him having been entered on the record for $919·35 damages. Of this amount, the sum of $708·44 was on account of property of the spendthrift received by Samuel Haven, and $210·91, on account of property received by Henry Valentine, the guardians having kept separate accounts. The whole amount of the judgment was paid on execution, by Wyman, before the commencement of this action.

For the purpose of presenting the questions of law raised in the case, the judge directed a nonsuit; which was to stand, or to be taken off and a default entered and judgment rendered or such sum as by the whole Court should be judged proper.

*C. Allen* and *Pratt*, for the plaintiff, said that whether Lawson Valentine received any money or not, there was a consideration for his promise, inasmuch as it diverted the plaintiffs from seeking relief by attempting to procure the removal of the guardians, pursuant to *St.* 1817, *c.* 190, § 36, or to obtain a discharge from their responsibility as sureties, pursuant to § 42 of the same statute. *Davenport* v. *Mason,* 15 Mass. R. 85; 1 Dane's Abr. 110; *Pillans* v. *Mierop,* 3 Burr. 1663, 1674.

But Lawson Valentine, by his contract, induced the plaintiffs to believe that he had received a consideration in money, and the defendant therefore is estopped to deny it. *Jewett* v. *Torrey,* 11 Mass. R. 219; *Chapman* v. *Searle,* 3 Pick. 38; *Fisher* v. *Ellis,* 3 Pick. 322.

*Merrick, contrà,* urged that the promise was without consideration, because the plaintiffs did not, in consequence of it, enter into any engagement to forbear seeking relief under the statute.

To the point, that a writing acknowledging the receipt of money, may be contradicted by parol evidence, he cited *Boutell* v. *Cowdin,* 9 Mass. R. 254; Chit. Contr. 6.

Drury
v.
Fay.

If the defendant is responsible at all, it is only for the sum for which Henry Valentine failed to account. The plaintiffs elected to sever the liability of the guardians, by taking separate security from each, and it is to be presumed that the security given by S. Haven continues to be an adequate indemnity against his delinquency. In case the defendant should be compelled to make a payment to the plaintiffs on account of S. Haven, there is no way in which he can obtain a reimbursement from the fund provided by S. Haven for the plaintiffs' security. *Bachelder* v. *Fiske*, 17 Mass. R. 464 ; *Commonwealth* v. *Vanderslice*, 8 Serg. & Rawle, 452 ; *Lichtenthaler* v. *Thompson*, 13 Serg. & Rawle, 157.

*Allen* cited, as to this last suggestion, *Bellows* v. *Lovell*, 4 Pick 153.

*Oct. 7th.*

*Per Curiam.* The contract signed by the defendant's intestate was founded on a valid consideration, even admitting that he received no money from Henry Valentine. The principle is well established, that an injury to the promisee, occasioned by the act of the promisor, without any benefit to the latter, will support a promise. Here the sureties, having become uneasy under their responsibility for the guardians, had a right to seek to be discharged from their obligation on the bond, but upon receiving this promise from the intestate, they abstained from instituting the proceedings prescribed by the statute for that purpose. It was not necessary that they should enter into an actual stipulation for delay or forbearance.

But we think it was not competent to the defendant to offer evidence to contradict the writing on which the action is founded. Lawson Valentine therein acknowledges the receipt of a sum of money, and promises to apply it in a particular manner, for the benefit of the plaintiffs. Whether he had received it or not, they could not know, as the transaction was between him and Henry Valentine, but they might well presume that he had received it, and he could not be permitted to say tnat he had deceived them.

In regard to the amount of damages, the defendant contends that he is liable for no more than $210·91 ; but the question is to be determined by the contract. The promise is, to apply $749·67 towards indemnifying the plaintiffs " from a cer

tain bond given by Henry Valentine as principal and said Drury and Wyman as sureties," and not from loss occasioned by unfaithful administration on the part of Henry Valentine alone. The reference to him was merely by way of description, to designate the bond. The taking of security from Samuel Haven was not a waiver of the plaintiffs' rights on this contract, and they are entitled to recover the whole sum named in it, with interest from the commencement of the action.

*Nonsuit taken off and defendant defaulted.*